**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

In re:

Letter of Request from the District Court of Feldbach, Austria;

Matter of the estate of Otto Aldenburger, Probate file No. 4 A 173/21m

No. MC-22-00005-TUC-RM

**ORDER**

Pursuant to 28 U.S.C. § 1782, the Feldbach District Court of Austria has submitted a Letter Rogatory and the United States has petitioned this Court *ex parte* for an Order appointing a Commissioner to secure evidence needed for use in a civil probate proceeding in that foreign court. (Doc. 1.)  Such a request is authorized by the Convention on Taking Evidence Abroad, 23 UST 2555, TIAS 7444. In furtherance of a judicial proceeding, the Feldbach District Court of Austria has requested that information be obtained from Wells Fargo Bank, N.A., 160 McCulloch Blvd., Lake Havasu City, Arizona, specifically documents and information pertinent to the proceedings in that foreign court.

For this Court to grant such a request: (1) the request must be made by a foreign or international tribunal" or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or

international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the court ruling on the application for assistance. 28 U.S.C. § 1782(a); *In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007). The Court finds that each of these elements has been established.

After determining that the statutory requirements have been met, a reviewing Court must determine whether, in its discretion, the request should be granted, considering: (1) whether the information is sought from a participant in the foreign litigation and readily available to the foreign tribunal, or whether the information is sought from a nonparticipant beyond the reach of the foreign tribunal absent the judicial assistance requested; (2) the nature and character of the foreign tribunal and proceedings, and the receptivity of that foreign tribunal to assistance from U.S. courts; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether, in the event the request is unduly burdensome, it should be trimmed or denied. *See Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, 264-65 (2004); *In re Clerici*, 481 F.3d at 1334.

Upon review of the Petition, the Court finds that:

1. The information is sought by the Feldbach, Austria, District Court in the foreign litigation and that discovery is beyond the reach of the foreign tribunal without the assistance of this Court;

2. The foreign tribunal and proceedings are engaged in legitimate and typical litigation where it is proper to seek discovery of the type requested and that the foreign tribunal is receptive to, and in fact is requesting, assistance from this Court;

3. At this time there is nothing in the request to suggest that the request is made for improper motives; and

4. The request appears at this time to be reasonably limited in kind and scope so as not to unduly burden the person or entity from which the discovery is sought.

Pursuant to the authority conferred by 28 U.S.C. § 1782, the Court finds it

appropriate to grant the request and appoint a Commissioner to collect the requested evidence.

Accordingly,

**IT IS ORDERED** that the *Ex Parte* Petition for Order Under 28 U.S.C. § 1782 (Doc. 1) is **granted**. Assistant United States Attorney Katherine V. Foss (or a substitute or successor subsequently designated by the Office of the United States Attorney), is hereby **appointed** as Commissioner of this Court and authorized and directed to take such steps as are necessary to collect the evidence requested. In so doing, the following rules shall govern:

1. The Commissioner may issue subpoenas to be served on persons (natural and artificial) within the jurisdiction of this Court ordering them or their representatives to appear and to testify and produce evidence located within the United States;

2. The Commissioner shall provide notice with respect to the collection of evidence to those persons identified in the request as parties to whom notice should be given (and no notice to any other person shall be required);

3. The Commissioner shall adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a tribunal in the requesting forum, which procedures may be specified in the request or provided by the requesting court or authority or by a representative of the requesting country;

4. Any person from whom the Commissioner seeks to collect evidence may oppose the giving of evidence, or the circumstances thereof, by motion timely filed with this Court, a copy of which shall be provided contemporaneously to the Commissioner;

5. The Commissioner may seek such further orders of this Court as may be necessary to execute this request, including but not limited to:

   a. Orders to show cause why persons served with Commissioner's

subpoenas who fail to produce evidence should not be held in contempt, and

  b. Protective orders to regulate the use of the evidence collected;

6. The Commissioner shall certify and submit the evidence collected to the Office of Foreign Litigation, Civil Division, United States Department of Justice, or as otherwise directed by that office for transmission to the requesting court or authority; and

7. The Commissioner may provide copies of the evidence collected to persons identified in the request as parties to whom such copies should be given (and to no other persons).

8. The Commissioner shall promptly notify this Court when the evidence has been fully collected and transmitted.

Dated this 4th day of March, 2022.

_____
Honorable Rosemary Márquez
United States District Judge